FILED
United States Court of Appeals
Tenth Circuit

July 2, 2008

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SHON ANDERSON,

        Plaintiff-Appellant,

v.

COMMERCE CONSTRUCTION
SERVICES, INC.,

        Defendant-Appellee.

No. 07-3128

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. NO. 06-CV-2073-CM-JPO)**

Ryan L. Woody, Matthiesen, Wickert & Lehrer, S.C., Hartford, Wisconsin (Gary L. Wickert, Matthiesen, Wickert & Lehrer, S.C., Hartford, Wisconsin, and Aaron J. Racine and Patrick M. Reidy, Monaco, Sanders, Gotfredson, Racine & Barber, LLC, Kansas City, Missouri, with him on the briefs), for Appellant.

Craig C. Blumreich, Larson & Blumreich, Chartered, Topeka, Kansas, for Appellee.

Before **TYMKOVICH**, **GORSUCH**, and **HOLMES**, Circuit Judges.

**TYMKOVICH**, Circuit Judge.

In this choice of law case, Shon Anderson, a Nebraska subcontractor's employee, was injured while performing demolition work in Kansas. Anderson

collected workers' compensation benefits from his Nebraska employer, but he could have collected such benefits from the general contractor in Kansas overseeing the project. Anderson subsequently filed a negligence suit in Kansas federal district court against the general contractor.

We must decide whether the exclusive remedy provision of the Kansas workers' compensation statute applies. If it does, Anderson's suit is barred by Kansas law. We conclude Kansas courts would resolve this issue by applying the lex loci delicti choice of law rule: the law of the place where the tort occurs governs the claim. Applying Kansas law to the facts here, Anderson's exclusive remedy was to accept workers' compensation benefits from either his direct employer or the general contractor. Having collected benefits from his direct employer, Kansas law barred him from filing a negligence claim against the general contractor.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Finding no legal error, we AFFIRM the district court order granting summary judgment.

## I. Background

A Kansas school district hired Commerce Construction Services, Inc., to remodel a high school in Towanda, Kansas. Commerce, a Kansas corporation, subcontracted with Midwest Environmental, Inc., a Nebraska corporation, to perform the demolition work. Anderson was a construction worker employed by

Midwest.  In addition, Anderson was a Missouri resident at the time of the accident.

While on the job, Anderson was severely injured when a wall collapsed. He applied for and collected workers' compensation benefits from Midwest's insurance carrier pursuant to Nebraska law.  Anderson could have instead collected workers' compensation benefits from Commerce because Commerce carried a workers' compensation policy as required by Kansas employment law.

While collecting workers' compensation benefits from Midwest, Anderson filed a lawsuit against Commerce for negligence in Kansas federal court. Commerce responded by filing a summary judgment motion and arguing that the suit was barred because, under the Kansas Workers' Compensation Act, Anderson's exclusive remedy was to collect workers' compensation benefits. According to the Act, an employer cannot be held liable for negligence if the plaintiff can collect benefits for the injury through the state workers' compensation system.  *See* Kan. Stat. Ann. § 44-501(b).[1]  And under Kansas law,

---

[1] Kan. Stat. Ann. § 44-501, provides in part:

> (b) Except as provided in the workers compensation act, *no employer, or other employee of such employer, shall be liable for any injury for which compensation is recoverable under the workers compensation act* nor shall an employer be liable to any third party for any injury or death of an employee which was caused under circumstances creating a legal liability against a third party and for which workers compensation is payable by

(continued...)

a general contractor is a statutory employer of a subcontractor's employees. *Robinett v. Haskell Co.*, 12 P.3d 411, 414 (Kan. 2000) (citing Kan. Stat. Ann. § 44-503(a)). Thus, under Kansas law, a subcontractor's employee may recover workers' compensation benefits from either his immediate employer or his statutory employer. *Id.* at 414. But in exchange, "[a] statutory employer is immune from a common-law suit for damages . . . even when the injured employee chooses to receive workers compensation benefits from his or her immediate employer." *Id.*

Anderson contends Nebraska law, which would permit Anderson's suit, should apply instead of Kansas law. Under the Nebraska Workers' Compensation Act, an employee may sue a third party responsible for his injuries, even if the employee already received workers' compensation benefits for the injury. Neb. Rev. Stat. § 48-118.[2] For purposes of this statute, a contractor who is not the worker's direct employer is considered a "third party." *See Rehn v. Bingaman*, 36 N.W.2d 856, 859–60 (Neb. 1949). Nebraska law therefore would permit

---

[1](...continued)
          such employer. (emphasis added)

[2] Neb. Rev. Stat. § 48-118, provides in part:

> Nothing in the Nebraska Workers' Compensation Act shall be construed to deny the right of an injured employee or of his or her personal representative to bring suit against such third person [for negligence].

Anderson to sue Commerce because Commerce was a third party and not Anderson's direct employer.

The district court concluded Kansas law applies. Because Kansas law bars Anderson's suit, the court granted Commerce summary judgment. This timely appeal follows.

## II. Standard of Review

We review de novo the grant of summary judgment to determine whether any genuine issues of material fact were in dispute and, if not, whether the district court correctly applied the substantive law at issue. *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 792 (10th Cir. 1998). "Because the parties do not dispute the facts, we have before us a purely legal question." *Locke v. Saffle*, 237 F.3d 1269, 1270–71 (10th Cir. 2001). We therefore review de novo the district court's choice of law determination. *King v. PA Consulting Group, Inc.*, 485 F.3d 577, 585 (10th Cir. 2007); *see also Salve Regina Coll. v. Russell*, 499 U.S. 225, 239 (1991) ("The obligation of responsible appellate review and the principles of a cooperative judicial federalism underlying *Erie*[3] require that courts of appeals review the state-law determinations of district courts de novo.").

## III. Discussion

This case turns on whether Nebraska or Kansas law applies. To resolve this question, we apply the choice of law rules of the state in which the district

---

[3] *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

-5-

court sits. *Mem'l Hosp. of Laramie County v. Healthcare Realty Trust, Inc.*, 509 F.3d 1225, 1229 (10th Cir. 2007) (citing *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941)).

Anderson makes three choice of law arguments. He contends (1) Kansas courts would not apply the lex loci delicti choice of law rule to the facts here; (2) instead, Kansas courts would apply principles from the *Restatement (Second) of Conflict of Laws*; or (3) Kansas courts would apply an equitable choice of law rule advocated by a leading workers' compensation scholar. Anderson also argues the Full Faith and Credit Clause of the Constitution prohibits federal courts from applying Kansas workers' compensation law to the case. For the following reasons, we disagree.

## A. Lex Loci Delicti

In tort cases, Kansas courts have long applied the traditional lex loci delicti choice of law rule. *Ling v. Jan's Liquors*, 703 P.2d 731, 735 (Kan. 1985). According to this rule, the law of the state where the tort occurred governs the merits of the litigation. *Id.* While of venerable origin, the rule is no longer followed by a majority of the states. *See* 9-144 *Larson's Workers' Compensation Law* § 144.01[5] (2007) ("More fashionable are the [choice of law] theories of 'significant contacts' and 'legitimate interests.'"). Nonetheless, the rule "is well established under Kansas law and there is no indication that Kansas intends to abandon the rule." *Miller v. Dorr*, 262 F. Supp. 2d 1233, 1238 (D. Kan. 2003)

(citing Kansas cases).  Under this rule, Kansas law would govern the dispute

because Anderson was injured in Kansas.

### B.    Most Significant Relationship Test

But Anderson argues Kansas courts would not apply the rule of lex loci

delicti under the particular facts of this case, and instead would apply the "most

significant relationship test" recommended by the *Restatement (Second) of

Conflict of Laws*.[4]  Specifically, Anderson points to section 185 of the

---

[4] The most significant relationship test is described in sections 6 and 145 of the Restatement.  Section 6(2) sets out the following principles relevant to resolving choice of law issues:

> (a) the needs of the interstate and international systems,
> (b) the relevant policies of the forum,
> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
> (d) the protection of justified expectations,
> (e) the basic policies underlying the particular field of law,
> (f) certainty, predictability and uniformity of result, and
> (g) ease in the determination and application of the law to be applied.

Restatement (Second) of Conflict of Laws § 6 (1971).  Furthermore, section 145 clarifies how these principles should generally be applied in tort cases:

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

> (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

>> (a) the place where the injury occurred,
>> (b) the place where the conduct causing the injury

(continued...)

Restatement,[5] which he claims has already been recognized by a federal district court interpreting Kansas choice of law rules, *Miller*, 262 F. Supp. 2d at 1237–39.[6]

*Miller and Restatement § 185*

In *Miller*, the plaintiff—a resident of North Carolina—was employed as a truck driver by Jevic Transportation. The plaintiff was injured in a car accident while on the job in Kansas, and Jevic paid him workers' compensation benefits in compliance with North Carolina law. The defendants—the negligent driver and the driver's employer Eugene Prockish Trucking—were both residents of Kansas.

---

[4](...continued)
> occurred,
> (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
> (d) the place where the relationship, if any, between the parties is centered.

> These contacts are to be evaluated according to their relative importance with respect to the particular issue.

*Id.* § 145.

[5] Sections 183 through 185 of the Restatement specifically describe how the most significant relationship test should be applied in tort cases involving conflicting workers' compensation statutes. *See generally Hughes Wood Prods., Inc. v. Wagner*, 18 S.W.3d 202, 205–207 (Tex. 2000) (describing how the most significant relationship test applies in workers' compensation cases); Symeon C. Symeonides, *Choice of Law in the American Courts in 2000: As the Century Turns*, 49 Am. J. Comp. L. 1, 32–36 (2001) (same).

[6] We ordinarily look to state court interpretations of state law in resolving questions of state law. We examine *Miller* because the parties argue it and the case is a thoughtful precedent on the question presented.

The plaintiff sued the defendants in Kansas federal district court for personal injury and loss of services. While the suit was pending, the plaintiff reached a settlement with the defendants. The plaintiff then asked the court to allocate the settlement between himself and Jevic. Under subrogation principles, Jevic was entitled to reimbursement for the benefits it paid the plaintiff. *Id.* at 1234–37.

Subrogation is "[t]he principle under which an insurer that has paid a loss under an insurance policy is entitled to all the rights and remedies belonging to the insured against a third party with respect to any loss covered by the policy." *Black's Law Dictionary* 1467 (8th ed. 2004). In the context of workers' compensation, subrogation involves the right of an employer or insurer to obtain reimbursement from a third party for benefits it paid to an injured employee.

Based on these principles, the *Miller* court needed to determine whether the settlement should be allocated according to North Carolina or Kansas law.[7] No Kansas state court had previously decided which rule should be used to resolve a choice of law question in a subrogation case. *Miller*, 262 F. Supp. 2d 1237. To settle this question of first impression, the district court turned to section 185 of the *Restatement (Second) of Conflict of Laws*.

_____

[7] Kansas and North Carolina differ on how a court should allocate settlement proceeds. Unlike Kansas, North Carolina gives courts discretionary authority to reduce or eliminate the employer's subrogation lien. *Miller*, 262 F. Supp. 2d 1237.

According to section 185, "[t]he local law of the state under whose workmen's compensation statute an employee has received an award for an injury determines what interest the person who paid the award has in any recovery for tort or wrongful death that the employee may obtain against a third person on account of the same injury." Restatement (Second) of Conflict of Laws § 185 (1971). Based on this section, the district court concluded North Carolina law governed the subrogation issue because the North Carolina law also regulated the workers' compensation benefits paid to the plaintiff by his employer. *Miller*, 262 F. Supp. 2d at 1239.

Anderson takes from *Miller* the proposition that Kansas courts would apply Restatement section 185 rather than the doctrine of lex loci delicti in subrogation actions involving conflicting workers' compensation statutes. Anderson further argues the present case is a subrogation action because his Nebraska employer, Midwest, will be entitled to reimbursement if he prevails in the lawsuit. Putting these two premises together, he concludes Kansas courts would apply Restatement section 185 to resolve the choice of law issue we are faced with here.

We disagree. Unlike in *Miller*, we are not being asked to resolve which state's subrogation provision applies. Instead, the question is which state's *exclusive remedy* provision governs. Thus, Anderson's claim is about the availability of a tort remedy, not about the allocation of a financial recovery between him and an insurance company.

-10-

Anderson nonetheless implies that even if the present case is not a traditional subrogation action, the court should extend *Miller*'s reasoning. He contends *Miller* stands for the general proposition that the state law governing the payment of the plaintiff's workers' compensation claim should also regulate the employer's rights and responsibilities. "[Exclusive] application of that state's workers compensation statute preserves the legislative give and take considered in fashioning the workers' remedy." Aplt. Br. 14 (quoting *Miller*, 262 F. Supp. 2d at 1239). Piecemeal application of different states' workers' compensation laws "creates a risk of an outcome not contemplated by either legislature in drafting the respective statutes." *Id.* (quoting *Miller*, 262 F. Supp. 2d at 1239). Based on these general principles, Anderson argues because Nebraska law regulated the benefits he collected, Nebraska law should also determine whether Commerce can be sued for negligence.

While well put, the argument is too clever by half. Like Nebraska's scheme, the Kansas workers' compensation system also reflects a carefully crafted statutory compromise between employees and employers. Under this system, statutory employers such as Commerce are required to provide mandatory coverage to subcontractor employees such as Anderson. In exchange for extending mandatory coverage and paying into the state system, employers are protected from common law claims for workplace injuries. If a court applied Nebraska's exclusive remedy law and permitted Anderson's suit, the court would

-11-

be disrupting this legislative compromise between Kansas employers and employees.

The district court therefore properly concluded that *Miller*, and by extension section 185, were not analogous to Anderson's workplace accident claim. And the court did not err in applying Kansas's longstanding lex loci delicti rule to resolve the choice of law issue in this case.[8]

*Restatement § 184*

In the alternative, Commerce prevails even if Kansas courts would apply the Restatement's most significant relationship test instead of the lex loci delicti choice of law rule. We agree with Commerce's argument that under the Restatement's test, Kansas courts would conclude Kansas's exclusive remedy law governs and therefore Anderson's suit is barred.

Under the Restatement, a court applying the most significant relationship test to a worker's tort claim would rely on section 184 rather than section 185 to determine which state's exclusive remedy provision applies. Unlike section 185, which describes rules for resolving conflicting subrogation statutes, section 184

---

[8] Anderson also cites *Kelley v. Summers*, 210 F.2d 665 (10th Cir. 1954), for the proposition that Kansas courts do not apply the lex loci delicti doctrine in cases involving conflicting workers' compensation acts. *Kelley* does not support Anderson's argument; we did not resolve a choice of law dispute in *Kelley*. Instead, we concluded neither Kansas's nor Texas's exclusive remedy provision shielded the defendant company from liability. *See id.* at 672–73. Because we were not confronted with conflicting workers' compensation statutes, we did not rely on the doctrine of lex loci delicti to analyze the case. Therefore, *Kelley* is distinguishable from the present case.

specifically addresses the issue presented here: the availability of a tort remedy.

*See, e.g.*, *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1231 (10th Cir. 2001) (applying Restatement section 184 to determine whether Wyoming courts would apply Wyoming's or Colorado's exclusive remedy provision).

According to section 184, we should apply the law of the state where the plaintiff was injured if the employer was required to insure the risk incurred:

> Recovery for tort or wrongful death will not be permitted in any state if the defendant is declared immune from such liability by the workmen's compensation statute of a state under which the defendant is required to provide insurance against the particular risk and under which . . . the plaintiff *could* obtain an award for the injury, if this is the state . . . where the injury occurred.

Restatement (Second) of Conflict of Laws § 184(b)(1) (1971) (emphasis added). The rationale behind this rule is two-fold:

> [T]o deny a person the immunity granted him by a workmen's compensation statute of a given state would frustrate the efforts of that state [1] to restrict the cost of industrial accidents and [2] to afford a fair basis for predicting what these costs will be.

*Id.* § 184 cmt. b.

Applying section 184 to the facts of this case, Kansas's exclusive remedy provision would protect Commerce from liability. Anderson was injured while working in Kansas. Because Commerce was a statutory employer of Anderson, Anderson *could* have obtained a workers' compensation award from Commerce.[9]

_____

[9] For the purpose of Restatement section 184, it does not matter that Anderson chose to obtain the workers' compensation award through Midwest

Therefore, under section 184 of the Restatement, Anderson is barred from suing Commerce for negligence. Permitting Anderson to sue Commerce would otherwise undermine Kansas's efforts to "restrict the cost of industrial accidents and to afford a fair basis for predicting what these costs will be." *Id.*

Anderson nonetheless argues Restatement section 184 cannot coexist with Restatement section 185. "If a state has already adopted Restatement § 185, it should not also adopt § 184." Aplt. Reply Br. 4. He contends that because the federal district court in *Miller* adopted section 185, we should likewise not apply section 184 in the present case.

As a threshold matter, *Miller* is not binding precedent; it is a federal district court decision. But more fundamentally, Anderson fails to identify any authority suggesting section 184 and section 185 cannot coexist. Nor have we found any cases supporting Anderson's argument. The better argument based on the language of the Restatement and the cases adopting it is that section 184 applies to conflicting exclusive remedy laws while section 185 applies to conflicting

---

[9](...continued)
(regulated under Nebraska law) rather than Commerce (regulated under Kansas law). *See* Restatement (Second) of Conflict of Laws § 184 & cmt. b (explaining the state's immunity provision applies if the worker *could* have obtained a workers' compensation award from a company regulated by that state's law). Courts applying Restatement section 184 have reached a similar conclusion. *See, e.g.*, *Stuart*, 271 F.3d at 1231; *Garcia v. Pub. Health Trust of Dade County*, 841 F.2d 1062, 1066 n.4 (11th Cir. 1988); *Snyder v. Celsius Energy Co.*, 866 F. Supp. 1349, 1357–60 (D. Utah 1994); *Marion Power Shovel Co. v. Hargis*, 698 So. 2d 1246, 1247–48 (Fla. Dist. Ct. App. 1997).

-14-

subrogation rules.  Because the rules address different situations, they are not mutually exclusive.

Therefore, even under the Restatement's most significant relationship test, Kansas law applies and therefore Anderson's suit is barred.

### C.     Professor Arthur Larson's Rule

Anderson alternatively urges us to adopt a portion of Professor Arthur Larson's treatise on workers' compensation law, which Anderson describes as "Larson's rule."  Aplt. Br. 10–11.  Under this choice of law methodology,

> if a damage suit is brought in the forum state by the employee
> against the employer or statutory employer, the forum state will
> enforce the bar created by the exclusive-remedy statute of a state that
> is liable for workers' compensation as the state of employment
> relation, contract, or injury.

9-144 *Larson's Workers' Compensation Law* § 144.01[2].  But as we understand Professor Larson's rule, a court would still conclude Kansas's law applies to Anderson's claim.  Kansas is a "state that is liable for workers' compensation as the state of employment relation, contract or injury."  *Id.*  The injury occurred in Kansas, and Commerce's workers' compensation insurance covered Anderson.  Therefore, Commerce prevails under this rule.

### D.     Full Faith and Credit Clause

Finally, Anderson argues for the first time on appeal that by applying Kansas's exclusive remedy provision to the present case, the district court violated the Full Faith and Credit Clause.  By not arguing this issue before the

district court, Anderson waived it. *Wolfe v. Barnhart*, 446 F.3d 1096, 1103 (10th Cir. 2006); *see also* 9-144 *Larson's Workers' Compensation Law* § 144.01[3] ("It is now firmly established by the decision of the Supreme Court of the United States in *Carroll v. Lanza*[10] that a state may decline to apply the exclusive remedy provision of a sister state['s workers' compensation statute] when different from its own without violating the *Full Faith and Credit Clause*.").

## IV.  Conclusion

In sum, we conclude Kansas courts would apply the lex loci delicti rule to determine which state's exclusive remedy provision applies.  Under this choice of law rule, Kansas law applies, and therefore it bars Anderson's negligence claim.  Even if Kansas courts instead adopted the most significant relationship test or Professor Larson's rule, the suit would still be barred.

Therefore, we AFFIRM the district court order granting Commerce summary judgment.

---

[10] *Carroll v. Lanza*, 349 U.S. 408 (1955).