FILED
United States Court of Appeals
Tenth Circuit

March 18, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ALLSTATE INSURANCE
COMPANY,

       Plaintiff-Appellee,

v.

WILLIAM COVALT, individually,
LOREN MORGAN, as personal
representative of the estate of
Linda Covalt, deceased,

       Defendants-Appellants.

Nos. 08-6169 & 08-6170
(D.C. No. 5:07-CV-01275-HE)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **McCONNELL**, **McKAY**, and **GORSUCH**, Circuit Judges.

---

Plaintiff Allstate Insurance Company filed this declaratory judgment action

seeking a determination of the amount it was required to pay under an automobile

liability policy and an umbrella policy, with limits of $250,000 and $2,000,000,

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

respectively, to defendants William Covalt and Loren Morgan, as personal representative of the estate of Mr. Covalt's late wife, Linda. The district court took jurisdiction to determine the rights of the parties, decided that Oklahoma law applies to this diversity case, and granted summary judgment to Allstate, holding (in relation to the issues in this suit) that Allstate owed defendants no more than $25,000 in liability coverage. Defendants' subsequent appeals were consolidated. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. Facts and Procedural History

Mr. Covalt is a citizen of Oklahoma and his late wife, Linda, was also a citizen of Oklahoma. In August 2007, Mr. Covalt lost control of his automobile while they were driving through New Mexico, and his wife died from injuries sustained in this single-vehicle accident.

The Covalts had two policies with Allstate—an automobile liability policy and a personal umbrella policy issued to their daughter, LaDon, also a citizen of Oklahoma. Allstate pointed out to Mr. Covalt that the automobile policy contained a "step-down" provision that reduced its liability coverage from $250,000 to Oklahoma's minimum required coverage of $25,000 because the injured person, Mrs. Covalt, was a resident relative of the insured, Mr. Covalt. Allstate further contended to Mr. Covalt that the umbrella policy excluded coverage for personal injury to an insured and, therefore, provided no coverage

-2-

for Mrs. Covalt's death. Mr. Covalt contended that New Mexico law applied to his claims, and that New Mexico would not enforce the step-down provision reducing the policy limits of the auto policy. He refused to accept the amount Allstate offered him.

Because the parties were unable to agree on coverage, Allstate filed this declaratory judgment action on November 13, 2007, naming Mr. Covalt as the defendant both individually and as the surviving spouse of Linda Covalt. Defendant Loren Morgan was subsequently named the personal representative of Mrs. Covalt's estate, and he filed a wrongful death action against Mr. Covalt on behalf of her estate in New Mexico state court on December 6, 2007. Mr. Morgan filed two amended complaints in that case, "adding Allstate as a defendant and adding a claim for a declaratory judgment that the 'step-down' provision in the insurance policy cannot be enforced because it violates New Mexico public policy." Aplt. App., Vol. II, Tab 10, at 2-3.

Allstate then moved in this action to substitute Mr. Morgan for Mr. Covalt in his capacity as the surviving spouse of Linda Covalt and to amend its complaint to add a claim for a declaratory judgment that there was no coverage under the personal umbrella policy issued to LaDon Covalt. Mr. Covalt moved to dismiss or stay this declaratory judgment action because of the pending state court suit. In an order filed on April 15, 2008, the district court granted Allstate's

motion to substitute Mr. Morgan as a defendant and to amend its complaint, and denied Mr. Covalt's motion to dismiss or stay this suit. *See generally id.*

Allstate then moved for summary judgment in this suit, and Mr. Morgan moved to dismiss or stay this suit. In an order filed on May 13, 2008, the district court denied Mr. Morgan's motion, concluding that it amounted to "a request for reconsideration of the court's earlier decision [that] presents nothing that alters this court's previous analysis and determination of the question." *Id.*, Tab 15, at 1. Mr. Covalt and Mr. Morgan then moved for a continuance under Fed. R. Civ. P. 56(f) in order to conduct limited discovery on an asserted inconsistent position taken by Allstate in a New Jersey case on the choice of law issue. *Id.*, Tab 16.

In an order filed on June 20, 2008, the district court denied defendants' motion for a continuance and granted Allstate's motion for summary judgment. *Id.*, Tab 24. The court noted that defendants sought the sealed portions of Allstate's briefing in the New Jersey case, but such extrinsic evidence would be improper to prove the existence of an ambiguity in the contract language, and "the [unsealed] portions of the Allstate brief already available to defendants enable them to frame whatever argument they think is applicable in construing the contract language." *Id.* at 5 n.2. The court also decided that Oklahoma law, not New Mexico law, applies to this dispute. *Id.* at 3-9. The court noted that "[n]o party has pointed to any alleged ambiguity [in the policy language] and the court

determines that the relevant language in both the automobile policy and the personal umbrella policy is unambiguous so the court will apply the plain meaning of the policy provisions." *Id.* at 9. The court concluded that Allstate was obligated under the automobile policy for only $25,000 in liability coverage because the step-down provision was enforceable. *Id.* at 10-11. The court further determined that an enforceable exclusion in the umbrella policy precluded coverage in this case. *Id.* at 11. The district court entered judgment in Allstate's favor on July 8, 2008.

## II. Issues and Legal Analysis

Defendants raise five issues on appeal: (1) the district court abused its discretion by not dismissing or staying this declaratory judgment action when there was a pending action in New Mexico state court concerning the same subject matter and parties; (2) the district court erred by denying their motion for a continuance under Fed. R. Civ. P. 56(f) in order to conduct limited discovery on the asserted inconsistent position taken by Allstate in other proceedings concerning the choice of law issue; (3) the district court erred either by failing to consider the choice of law clause in the policy or by misconstruing it, resulting in an incorrect determination that Oklahoma law rather than New Mexico law applied; (4) Allstate is estopped from arguing that Oklahoma choice of law rules apply; and (5) the district court erred in determining that Oklahoma would apply

its own law rather than New Mexico law regarding the exclusion in the umbrella policy. We review the grant of summary judgment de novo. *Phillips v. New Hampshire Ins. Co.*, 263 F.3d 1215, 1218 (10th Cir. 2001). We reject defendants' assertions of error.

We review the district court's decision to proceed with the declaratory judgment action for an abuse of discretion. *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494-95 (1942); *United States v. City of Las Cruces*, 289 F.3d 1170, 1183 (10th Cir. 2002). Under the Declaratory Judgment Act, the "district courts have 'unique and substantial discretion' in determining whether to declare the rights of litigants when duplicative state proceedings exist." *City of Las Cruces*, 289 F.3d at 1179-80 (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). We have previously set out several "fact-intensive and highly discretionary factors" for district courts to consider. *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994). We do not review the district court's analysis of these factors de novo. *Id.* Rather, "[w]e give the district court's assessment of each factor great deference[,]" *City of Las Cruces*, 289 F.3d at 1183, and "will only ask whether the trial court's assessment of them was so unsatisfactory as to amount to an abuse of discretion," *Mhoon*, 31 F.3d at 983. The district court carefully evaluated the facts of this case in light of the *Mhoon* factors. *See* Aplt. App., Vol. II, Tabs 10, at 3-7. Defendants have not convinced us that the court abused its discretion in deciding to take jurisdiction. We affirm

the district court's decision on this point for substantially the same reasons as those stated in the court's April 15, 2008, and May 13, 2008, orders. *See* Aplt. App., Vol. II, Tabs 10, at 3-7, Tab 15.

"We review the district court's denial of a Rule 56(f) request for an abuse of discretion." *Garcia v. U.S. Air Force*, 533 F.3d 1170, 1179 (10th Cir. 2008). Defendants asserted in their motion for a continuance that they needed time to obtain the sealed portions of Allstate's briefing in a New Jersey case because those portions would provide "evidence of ambiguity" in the choice of law provisions in the insurance policies in this case. Aplt. App., Vol. II, Tab 16, at 2. The district court held that defendants failed to make the necessary showing to support their request because extrinsic evidence was not relevant to prove the existence of an ambiguity in policy language and because defendants already had the relevant unsealed portions of Allstate's briefing with which to frame an argument concerning the construction of the policy language. *Id.*, Tab 24, at 5 n.2. Defendants argue that the district court incorrectly assumed that the policy language at issue was unambiguous. We are not persuaded that the district court abused its discretion in denying their request for a continuance under Rule 56(f) and affirm on this point for substantially the reasons stated by the district court in its June 20, 2008, order. Aplt. App., Vol. II, Tab 24, at 5 n.2.

Because the parties do not dispute the facts, we review the district court's choice of law determination de novo. *Anderson v. Commerce Constr. Servs., Inc.*,

531 F.3d 1190, 1193 (10th Cir. 2008). We also review the district court's construction of the choice of law provisions in the insurance policies de novo. *Level 3 Commc'ns, LLC v. Liebert Corp.*, 535 F.3d 1146, 1154 (10th Cir. 2008). The district court clearly and thoroughly explained why Oklahoma law, not New Mexico law, applies both to the choice of law question and the interpretation of the choice of law provisions in the insurance policies, beginning with the settled proposition that a federal court sitting in diversity applies the choice of law rules of the forum state. Aplt. App., Vol. II, Tab 24, at 3 (citing Tenth Circuit and Supreme Court authority). Like the district court, we are unpersuaded by defendants' argument that Allstate should be estopped from arguing that Oklahoma choice of law rules apply. *See id.* at 5 n.2. We also reject defendants' argument that the district court erred in determining that Oklahoma would apply its own law rather than New Mexico law regarding the exclusion in the umbrella policy. We affirm the district court's analysis and conclusions for substantially the same reasons as those set forth in the district court's June 20, 2008, order. *See id.* at 3-11.

Allstate's Motion for Leave to File Sur-Reply Brief is granted. Allstate's motion to strike defendants' supplemental authority and certain portions of defendants' reply brief is denied.

The judgment of the district court is AFFIRMED.

Entered for the Court


Michael W. McConnell
Circuit Judge