**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 2, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LELAND J. GAUTIER, an individual,

Plaintiff-Appellee,

v.

JUSTIN JONES, in his official
capacity, Director, Department of
Corrections of the State of Oklahoma,

Defendant-Appellant.

No. 09-6123
(D.C. 5:08-CV-00445-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY, PORFILIO,** and **O'BRIEN**, Circuit Judges.

---

Justin Jones, the Director of the Oklahoma Department of Corrections,

appeals from the district court's summary-judgment ruling that Oklahoma's Sex

Offenders Registration Act (OSORA) violates Leland J. Gautier's

procedural-due-process rights and may not be enforced unless there is a hearing

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

regarding his current dangerousness.  We have jurisdiction under 28 U.S.C. §1291, and we reverse.

## BACKGROUND

In March 1997, Gautier pleaded no contest to a sexual-battery charge involving a seventeen-year-old female.  He was given a two-year suspended sentence and required to register as a sex offender "for a period of ten (10) years from the date of registration."  57 Okla. Stat. Ann. § 583(C) (Supp. 1996).  In 2004, the statute was amended to clarify that the registration period runs from the ending date of the sentence.  *See* 2004 Okla. Sess. Laws, ch. 162, § 1.  Thus, Gautier's registration requirement was set to end in March 2009.[1]

But in 2007, the Oklahoma Legislature substantially modified the OSORA. It required the Department of Corrections to "establish a risk assessment review committee" that would develop and employ "a sex offender screening tool." 2007 Okla. Sess. Laws, ch. 261, § 26 (codified at 57 Okla. Stat. Ann. § 582.5 (Supp. 2009) (amended 2009)).  The purpose of the tool was to identify an offender's "level of risk" based on "an objective point system," with the convicted offense "serv[ing] as the basis for the minimum numeric risk level." *Id.*  The tool was to be calibrated to three risk levels:

---

[1]     Gautier does not challenge this amendment, and appears to suggest that he had anticipated at the time of his plea that the registration period would be counted from the end of his two-year sentence.

1.     Level one (low):  a designated range of points on the sex offender screening tool indicating that the person poses a low danger to the community and will not likely engage in criminal sexual conduct;

2.     Level two (moderate):  a designated range of points on the sex offender screening tool indicating that the person poses a moderate danger to the community and may continue to engage in criminal sexual conduct; and

3.     Level three (high):  a designated range of points on the sex offender screening tool indicating that the person poses a serious danger to the community and will continue to engage in criminal sexual conduct.

*Id.*[2]

Each of the three risk levels was then given a specific registration period. Specifically, level-one offenders were given a fifteen-year period; level-two offenders were given a twenty-five year period; and level-three offenders were given a lifetime period.  *Id.* § 27 (codified at 57 Okla. Stat. Ann. § 583(C) (Supp. 2009)).

Shortly after the 2007 changes to the OSORA took effect, the Department of Corrections notified Gautier that he scored a level three on its newly developed screening tool, which considered only "the severity of the sex crime and the number of sex crime convictions."  Aplt. App. at 43.  The screening tool in the record provides a level-three score for "Sexual Battery to [a] Person Over 16,"

---

[2]     Effective November 2009, the risk assessment review committee was replaced by a "sex offender level assignment committee," and the screening tool was discarded, with the offender level being determined by "federal law" and the offense of conviction.  2009 Okla. Sess. Laws, ch. 404, § 4.

Gautier's offense. *Id.* at 45. Accordingly, Gautier was notified of the lifetime registration requirement.

Gautier filed a civil-rights suit against Jones in federal court. He then sought summary judgment on the basis that the lifetime-registration requirement violated his plea agreement and his ex-post-facto and due-process rights. The district court rejected Gautier's arguments, except in regard to procedural due process, which, it determined, mandated a hearing before Gautier could be classified as a level-three sex offender. Consequently, the district court granted Gautier summary judgment on that point and enjoined Jones from enforcing the OSORA against Gautier without such a hearing. Jones appealed.

## DISCUSSION

### I. Standards of Review

"We review de novo the grant of summary judgment to determine whether any genuine issues of material fact were in dispute and, if not, whether the district court correctly applied the substantive law at issue." *Anderson v. Commerce Constr. Servs., Inc.*, 531 F.3d 1190, 1193 (10th Cir. 2008). "Because the parties do not dispute the facts, we have before us a purely legal question." *Id.* (quotation omitted).

### II. Procedural Due Process

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its

procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Gautier contends that he has a liberty interest in not being labeled a level-three sex offender, i.e., someone who "poses a serious danger to the community and will continue to engage in criminal sexual conduct," 2 Okla. Sess. Laws 2007, ch. 261, § 27 (codified at 57 Okla. Stat. Ann. 582.5(C)(3) (Supp. 2009)). "We find it unnecessary to reach this question, however, because even assuming, [for the sake of argument], that [Gautier] has been deprived of a liberty interest, due process does not entitle him to a hearing to establish a fact that is not material under the [Oklahoma] statute." *Conn. Dep't of Public Safety v. Doe*, 538 U.S. 1, 7 (2003).

In other words, a convicted sex offender who challenges a registration requirement on the ground that he was not given a hearing to determine whether he is currently dangerous, must at least show that current dangerousness is relevant to the registration requirement. *See id.* (holding that Connecticut's Megan's Law did not violate procedural due process because "the law's [registration] requirements turn on an offender's conviction alone—a fact that a convicted offender has already had a procedurally safeguarded opportunity to contest"). Here, the OSORA directed the development and use of a three-level screening tool that assigned a "*minimum* numeric risk level" based on the offense of conviction. 2 Okla. Sess. Laws 2007, ch. 261, § 26 (codified at 57 Okla. Stat. Ann. § 582.5(C) (Supp. 2009)) (emphasis added) (amended 2009). The tool that

was ultimately developed and used in Gautier's case identified his crime as an offense warranting the highest risk level, three. Thus, Gautier's conviction alone was sufficient to place him in the highest level, without regard to any extraneous circumstances bearing on his proclivity to re-offend. Consequently, even if Gautier could prove he is not currently dangerous, it would not change his risk level, which, at a minimum, is level three. "[D]ue process does not require the opportunity to prove a fact that is not material to the State's statutory scheme." *Conn. Dep't of Public Safety*, 538 U.S. at 4.[3]

## CONCLUSION

The judgment of the district court, to the extent of its procedural-due-process ruling, is REVERSED.[4]

Entered for the Court

John C. Porfilio
Circuit Judge

---

[3]      The district court reasoned that *Connecticut Department of Public Safety* is not controlling because the OSORA uses the offender's conviction as "the starting point to assess future dangerousness, not the sole factor." Aplt. App. at 292. But that reasoning ignores the fact that, in this case, the starting point (Gautier's conviction) was necessarily the ending point, given that the prescribed minimum risk level is the highest level. No other factor could have had any bearing on the assignment of Gautier's risk level.

[4]      While this case was on appeal, the district court entered an order staying its procedural due-process ruling as to non-party sex offenders. That stay order is moot in light of our reversal.