**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 6, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EDWARD ALLAN BUCK,

   Plaintiff – Appellant,

v.

AMERICAN QUARTER HORSE
ASSOCIATION,

   Defendant – Appellee.

No. 14-4063
(D.C. No. 2:13-CV-00965-BSJ)
(D. Utah)

---

EDWARD ALLAN BUCK,

   Plaintiff – Appellant,

v.

KENTUCKY HORSE RACING
COMMISSION; ROBERT M. BECK,
JR.; EDWARD S. BONNIE; F.
THOMAS CONWAY; TRACY
FARMER; WADE HOUSTON; NEIL
HOWARD; FRANK L. JONES, JR.;
FRANKLIN S. KLING, JR.; ALAN
LEAVITT; ELIZABETH S. LEVIN;
FOSTER NORTHROP; JOHN
PHILLIPS; MICHAEL PITINO; BURR
TRAVIS, JR.; JOHN T. WARD, JR.;
MARC A. GUILFOIL; SUSAN
SPECKERT,

   Defendants – Appellees.

No. 14-4113
(D.C. No. 2:13-CV-00342-CW)
(D. Utah)

## ORDER AND JUDGMENT[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

### INTRODUCTION

Edward Buck, a horse trainer and bridle producer, appeals the dismissal of two cases he filed. In No. 14-4063, Buck sued the American Quarter Horse Association (AQHA), alleging that AQHA violated the Sherman Act and various provisions of Texas law. The district court granted AQHA's motion to dismiss Buck's amended complaint. In No. 14-4113, Buck sued the Kentucky Horse Racing Commission and the members of the Commission's Board in their official and individual capacities, alleging that they prohibited the use of bitless bridles—which Buck produces—without due process. The district court dismissed Buck's case after concluding (1) that it lacked subject-matter and personal jurisdiction, (2) that Buck failed to state a claim, and (3) that the Eleventh Amendment to the U.S. Constitution prohibited suit against the Commission and its board members in their official capacities.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not be of material assistance in the determination of this case. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

On appeal, Buck contends that the district court erred in dismissing his lawsuits. As a pro se litigant, we view Buck's pleadings liberally. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). But this liberal treatment is not without limits. Pro se parties must follow the same rules of procedure that govern other litigants, *Kay v. Bermis*, 500 F.3d 1214, 1218 (10th Cir. 2007), and we will not take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record, *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

We conclude below that Buck has not given us cause to question the district court's dismissals of these two cases. Exercising jurisdiction under 28 U.S.C. §1291, we affirm.[1]

## DISCUSSION

### No. 14-4113

In this case, Buck sued the Kentucky Horse Racing Commission and the Commission's board members (collectively, Defendants) in their individual and official capacities. Buck asserted that, in 2002, the executive director of the Commission permitted the use of Buck's bitless bridle in horse racing in Kentucky. But in 2012, Buck learned that Kentucky racing regulations expressly prohibit bitless bridles from racing. Buck tried to get the Commission to change the regulations, but his efforts failed. He asserted that the Commission and the Defendants: (1) violated his due process rights by

---

[1] For both cases, we note that the district court did not prepare a separate document entering judgment in accordance with Fed. R. Civ. P. 58(a). We consider judgment entered in both cases as of 150 days from the orders in each case. Fed. R. Civ. P. 58(c). In any case, neither party raises concern about the district court's failure to enter separate judgments.

failing to hold hearings before prohibiting the use of bitless bridles in racing; (2) engaged in deceptive trade practices in violation of Kentucky law; (3) unlawfully misrepresented the approval of Buck's bitless bridle to the public—a common law claim; and (4) interfered with Buck's prospective economic advantage—another common law claim. In his complaint, Buck contended that the district court had jurisdiction under 28 U.S.C. § 1337, which provides jurisdiction for any civil action proceeding under any Congressional act that regulates commerce or protects trade and commerce against restraints and monopolies. The Commission and the Defendants moved to dismiss for (1) a lack of subject-matter jurisdiction, (2) a lack of personal jurisdiction over the Defendants in their individual capacities, (3) a sovereign immunity bar disallowing Buck's claims against the Commission and the Defendants in their official capacities, and (4) a failure to state a claim upon which relief could be granted.

The district court referred the case to a magistrate judge, who recommended that the district court dismiss Buck's complaint in its entirety for a lack of subject-matter jurisdiction. The magistrate concluded that § 1337 did not provide subject-matter jurisdiction, because Buck's complaint did not concern an "Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." 28 U.S.C. § 1337. The magistrate also recommended dismissal of claims against the Commission and the Defendants in their official capacities because sovereign immunity barred Buck's lawsuit, and recommended dismissal for the Defendants in their individual capacities because there was no personal jurisdiction and because Buck failed to state a claim against them upon which relief could be granted. The district court adopted the

magistrate's recommendation to dismiss because of a lack of subject-matter and personal jurisdiction and overruled Buck's "internally contradictory, confused, and unavailing objections." R. at 275–77.

We review de novo the district court's grant of a motion to dismiss for lack of subject matter jurisdiction. *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003). We presume that a cause lies outside the district court's limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party asserting jurisdiction has the burden to establish jurisdiction. *Id.*

In his complaint, Buck alleged that § 1337 provided jurisdiction. But Buck did not assert how his claims arose under a Congressional act that regulates commerce or protects trade and commerce against restraints and monopolies. On appeal, Buck contends that 15 U.S.C. § 3001 et seq. is the Congressional act required for jurisdiction under § 1337. In § 3001, Congress passed a law "to regulate interstate commerce with respect to wagering on horseracing." Buck also invokes the Sherman Act, 15 U.S.C. § 1, and the Federal Trade Commission Act, 15 U.S.C. § 45, as bases for subject-matter jurisdiction. Buck did not raise these bases before the district court, thus waiving them on appeal.[2] *See Anderson v. Commerce Constr. Servs., Inc.*, 531 F.3d 1190, 1198 (10th Cir. 2008) ("By not arguing this issue before the district court, [the plaintiff] waived it.");

---

[2] Even if Buck had asserted in the district court that 15 U.S.C. § 3001 was the Congressional act providing jurisdiction under 28 U.S.C. § 1337, we would still reject his claim that § 1337 provides subject-matter jurisdiction. His complaint focuses mainly on the Commission's decision to outlaw the bitless bridle from horse racing. Buck does not challenge the validity, construction, or enforcement of a statute regulating commerce—a prerequisite for jurisdiction under § 1337. *Adams v. Int'l Bhd. of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers, & Helpers*, 262 F.2d 835, 839 (10th Cir. 1958).

*Daigle v. Shell Oil Co.*, 972 F.2d 1527, 1539 (10th Cir. 1992) (stating that we have no duty to consider waived arguments supporting subject-matter jurisdiction). To be sure, we liberally construe Buck's pleadings. But Buck's pro se status "does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994). Because Buck fails to establish subject-matter jurisdiction, we affirm the district court's dismissal of this case.

### No. 14-4063

In this case, Buck sued the American Quarter Horse Association (AQHA), apparently dissatisfied with the AQHA's failure to enforce its rules about showing and judging quarter horses at AQHA competitions. The district court dismissed without prejudice Buck's complaint for a lack of jurisdiction, insufficient service, and a failure to state a claim. In Buck's amended complaint, he alleged that the AQHA permitted animal abuse by its judges' failure to enforce AQHA's rules and regulations. Buck alleged that AQHA's actions violated (1) the Sherman Act, 15 U.S.C. §§ 1 and 2; (2) some intentional tort where AQHA breached its duty to comply with its rules; and (3) Texas law prohibiting deceptive trade practices. Buck also alleged that AQHA's actions constituted fraud and intentional interference with his prospective economic advantage.

AQHA moved the district court to dismiss Buck's amended complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The district court granted AQHA's motion after hearing both parties' arguments at a hearing. The district court's order did not state

-6-

the basis for its decision to grant AQHA's motion to dismiss. At the hearing, the district court stated that Buck "rapped on the wrong door" and needed "to make [his] point in another location, not this one." R. at 561–62.

We review de novo the district court's grant of a motion to dismiss. *Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 700 (10th Cir. 2014). In reviewing the district court's decision, we can affirm on any ground the record adequately supports, so long as the parties have had a fair opportunity to address that ground. *Thomas v. City of Blanchard*, 548 F.3d 1317, 1327 n.2 (10th Cir. 2008).

We agree with AQHA that Buck failed to state any claims in his amended complaint upon which relief may be granted. While a plaintiff does not have to set forth a prima facie case for each element of each claim, he must set forth plausible claims that animate the elements of his causes of action. *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1236 (10th Cir. 2013). Even after giving Buck wide latitude for his pleadings, Buck's amended complaint comes nowhere close to meeting this standard. Except for bare, conclusory allegations, Buck's amended complaint does not sufficiently allege a claim upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). On appeal, Buck repeats many of the conclusory allegations he raised in his amended complaint. He does not address why the district court erred in granting AQHA's motion to dismiss. After reviewing the record and Buck's briefing, we find no error in the district court's dismissal.

CONCLUSION

We affirm the district court's dismissals in No. 14-4063 and No. 14-4113.


ENTERED FOR THE COURT


Gregory A. Phillips
Circuit Judge