**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 25, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

BRADLEY J. CHILELLI,

    Plaintiff - Appellant,

v.

SIGNIFY NORTH AMERICA
CORPORATION,

    Defendant - Appellee.

No. 25-3031
(D.C. No. 2:23-CV-02165-TC)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and **PHILLIPS**, Circuit Judge.

_____

Bradley Chilelli appeals the district court's grant of summary judgment to

Signify North America Corporation (Signify) in his civil suit alleging negligence

resulting in severe personal injury.  Exercising jurisdiction under 28 U.S.C. § 1291,

we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND[1]

Signify manufactures and sells lights.  It operated a manufacturing facility in Salina, Kansas, which manufactured conventional lighting, such as light bulbs.  The facility had an electric furnace and a gas oxy furnace.  The gas oxy furnace, used to make fluorescent tubing, was some 60 feet tall from the factory floor to the top.  In 2020 the furnaces needed to be demolished because of the sale of the facility. Signify contracted with Hosea Project Movers (Hosea) to demolish and remove the furnaces. Mr. Chilelli worked for Hosea.

When the gas oxy furnace was in operation, liquid glass poured through funnels that sat on top of and covered holes on a catwalk.  The demolition by Hosea required removal of the funnels, exposing the holes.  While working on the demolition of that furnace, Mr. Chilelli fell through an exposed hole on the second-level catwalk, causing severe injuries, including paralysis.

After the accident, Signify drafted a postaccident narrative recommending the implementation of Signify On-site Contractor Safety Minimum Requirements (SOCSMR) at the Salina plant.  The narrative reported that the Salina facility had not previously used the SOCSMR "due to lack of local resources and experience to effectively implement" them.  *Id.* at 36 (internal quotation marks omitted).

---

[1] The record presents no genuine dispute of material fact, and the facts are viewed in the light most favorable to Mr. Chilelli, the summary-judgment nonmovant, *see Markley v. U.S. Bank Nat'l Ass'n*, 59 F.4th 1072, 1080 (10th Cir. 2023).

Mr. Chilelli sued Signify in federal court, alleging common-law negligence. Signify moved for summary judgment. Before responding, Mr. Chilelli moved for leave to exceed the district court's standing page limit (then set at 40 pages) by up to 25 pages in his response to the motion. The district court denied the motion, and Mr. Chilelli then filed a 37-page response.

The district court granted the motion for summary judgment, concluding, among other things, that Signify did not owe a duty of care to Mr. Chilelli because it did not know about the exposed hole.

## DISCUSSION

1.     *Denial of Motion to Exceed Page Limits*

Mr. Chilelli first argues the district court erred when it denied his motion for permission to exceed its standing limit of 40 pages[2] in his response to Signify's motion for summary judgment. "The district court's refusal to allow . . . additional pages of briefing is best characterized as a supervision of litigation decision, which we review for an abuse of discretion." *Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1112 (10th Cir. 2007) (internal quotation marks omitted). "A district court abuses its discretion when it (1) fails to exercise meaningful discretion, such as acting arbitrarily or not at all, (2) commits an error of law, such as applying an

---

[2] The court set the page limit by local rule. *See* D. Kan. Local R. 7.1(d)(2). "Local rules are primarily housekeeping rules; their purpose is to facilitate operation of the court." *Hernandez v. George*, 793 F.2d 264, 266 (10th Cir. 1986). "Considerable deference is accorded to the district courts' interpretation and application of their own rules of practice and procedure." *Smith v. Ford Motor Co.*, 626 F.2d 784, 796 (10th Cir. 1980).

incorrect legal standard or misapplying the correct legal standard, or (3) relies on clearly erroneous factual findings." *Stenson v. Edmonds*, 86 F.4th 870, 877 (10th Cir. 2023) (internal quotation marks omitted).

The district court did not abuse its discretion. It applied the same page limitation to both parties in their summary-judgment briefing, and Mr. Chilelli points to no error of law or clearly erroneous factual findings in the court's denial. Moreover, Mr. Chilelli does not articulate any specific argument or issue of material fact he was unable to advance because of the page limit. It would be difficult for him to do so, since his ultimate response left him two pages to spare.

2.    *Summary judgment*

Mr. Chilelli contests the district court's grant of summary judgment to Signify. "We review the district court's grant of summary judgment de novo, applying the same legal standard that the district court is to apply." *New Hampshire Ins. Co. v. TSG Ski & Golf, LLC*, 128 F.4th 1337, 1344 (10th Cir. 2025). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "On appeal, we examine the record and all reasonable inferences that might be drawn from it in the light most favorable to the non-moving party." *Markley v. U.S. Bank Nat'l Ass'n*, 59 F.4th 1072, 1080 (10th Cir. 2023) (brackets and internal quotation marks omitted).

The district court in this case had diversity jurisdiction under 28 U.S.C. § 1332(a)(1) because, at the time of filing, Mr. Chilelli was a citizen of

Ohio and Signify was a Delaware corporation with its principal place of business in New Jersey. Because the accident and injury occurred in Kansas, Kansas law applies. *See Anderson v. Com. Constr. Servs., Inc.*, 531 F.3d 1190, 194 (10th Cir. 2008).

Under Kansas law, "[i]n order to establish negligence, a plaintiff must prove the existence of a duty, a breach of that duty, an injury, and proximate cause . . . ." *D.W. v. Bliss*, 112 P.3d 232, 238 (Kan. 2005) (internal quotation marks omitted). "The necessity of establishing existence of a duty is essential, for without a duty there can be no breach . . . ." *Id.*

To hold a landowner liable for injury resulting from a dangerous condition, "the plaintiff generally must show that the defendant had actual knowledge of the condition or that the condition had existed for such a length of time that in the exercise of ordinary care the landowner should have known about it." *Brock v. Richmond-Berea Cemetery Dist.*, 957 P.2d 505, 511 (Kan. 1998). But Mr. Chilelli conceded in district court that there was no evidence that David Goldammer, the Signify Project Leader for removal of the gas oxy furnace, actually knew about the exposed hole before the accident. And Mr. Chilelli did not present evidence that *any* Signify employee was aware of the exposed hole before he fell.

In addition, "an owner of premises is under no duty to protect an independent contractor from risks arising from or intimately connected with defects in the premises which the contractor has undertaken to repair." *Aspelin v. Mounkes*, 476 P.2d 620, 623 (Kan. 1970) (owner not liable when independent contractors fell

from barn they were reroofing). Mr. Chilelli argues that the district court erred in applying this rule to his accident because "the hazard which caused the June 29, 2021 fall – the unguarded opening in the catwalk – was not unique to demolition work but is common to all construction and industrial sites." Aplt. Opening Br. at 31. But Signify contracted with Hosea to deconstruct the funnels at the Salina plant. The resulting risk—the exposed hole through which Mr. Chilelli fell—was intimately connected with Hosea's work, so Signify did not owe a duty to protect him from it.

Mr. Chilelli argues that Signify could still be liable because it "retain[ed] control over the activities of contractors performing services at the Salina . . . facility as it related to safety," Aplt. Opening Br. at 24, and in fact exercised that control when it stopped work after the accident. In support of this argument, he points to deposition testimony from Mr. Goldammer that he had the authority to stop any unsafe acts or operations he observed. Mr. Chilelli further argues that the SOCSMR were, by their plain terms, in effect at the Salina facility before the accident.

But even if the SOCSMR applied to the facility when Mr. Chilelli fell, Signify's own internal safety policies, absent some showing that there was reliance on Signify's implementing them, do not create a tort duty. Kansas follows Restatement (Second) of Torts § 324A in this context. *Honeycutt ex rel. Phillips v. City of Wichita*, 836 P.2d 1128, 1137 (Kan. 1992). "For a defendant to meet the threshold requirements of § 324A, the defendant must not only take affirmative action to render services to another, but the person to whom the services are directed must accept such services in lieu of, or in addition to, such person's obligation to

6

perform the services." *Gooch v. Bethel A.M.E. Church*, 792 P.2d 993, 1002 (Kan. 1990). Mr. Chilelli did not argue that he, or even Hosea, relied on, or even knew of, the SOCSMR, so the SOCSMR did not create a tort duty.

Because we agree with the district court that Signify did not owe a duty to Mr. Chilelli, we agree that the grant of summary judgment was correct. We need not consider its alternative ground for doing so: that the hole he fell through was open and obvious.

## CONCLUSION

We affirm the judgment of the district court.

Entered for the Court

Harris L Hartz
Circuit Judge